1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8        FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11   MARK R. JONES, individually, and on behalf of          No. C 14-1673 SI
     all other persons similarly situated,
12                                                          **ORDER DENYING PLAINTIFF'S**
                    Plaintiffs,                             **MOTION FOR REMAND AND**
                                                            **GRANTING DEFENDANT'S MOTION**
13     v.                                                   **TO DISMISS THE COMPLAINT WITH**
                                                            **LEAVE TO AMEND**
14   CENTERONE FINANCIAL SERVICES LLC,
15                  Defendant.
                                                   /
16

17          Plaintiff's motion for remand and defendant's motion to dismiss the complaint are scheduled for

18   a hearing on August 1, 2014.  Pursuant to Civil Local Rule 7-1(b), the Court determines that these

19   matters are appropriate for resolution without oral argument, and VACATES the hearing.  For the

20   reasons set forth below, the Court DENIES the motion for remand and GRANTS defendant's motion

21   to dismiss the complaint with leave to amend.  The amended complaint must be filed no later than

22   **August 14, 2014**.

23
                                              **DISCUSSION**
24
     **I.      Plaintiff's motion to remand**
25
26          Plaintiff contends that defendant has failed to show by a preponderance of the evidence that the

27   amount in controversy meets the minimum $5,000,000 required for diversity jurisdiction under CAFA.

28   Plaintiff challenges the declaration of CenterOne's Director of Collections on foundation grounds

     because IT personnel provided the data; asserts that CenterOne used the wrong class definition in

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1   calculating deficiencies owed by the putative class; contends that the amount in controversy should not

2   be valued at 100% of outstanding deficiencies because CenterOne purportedly collects only 4% of them;

3   and argues that CenterOne's "over $288,000" estimate of plaintiff's counsel's attorneys' fees is

4   unsupported.

5          "Where the complaint does not specify the amount of damages sought, the removing defendant

6   must prove by a preponderance of the evidence that the amount in controversy requirement has been

7   met." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  The Court

8   concludes that defendant has met its burden.  Defendant's declarations[1] state that CenterOne's IT

9   department ran a report containing all borrowers with a California address who were sent a "Notice of

10  Your Right of Reinstatement and Redemption and of Our Intent to Sell Vehicle" ("NOIs") during the

11  class period, and that the total amount collected on deficiency balances for this population is

12  approximately $177,120.67, and the total outstanding deficiency balances are approximately

13  $4,535,610.99.   Stegall Decl. ¶¶  3-4; Gall Decl. ¶¶ 2-3; LeMay Decl. ¶ 2. The total of these two

14  numbers is $4,712,731.66.

15         The Court is not persuaded by plaintiff's argument that defendant used an overbroad or incorrect

16  class member definition when compiling this data.  Defendant's declarations state that plaintiff's

17  contract was part of a portfolio of motor vehicle retail installment sales contracts ("RISCs") serviced

18  by CenterOne on behalf of Merrill Lynch Bank USA. Stegall Decl. ¶ 2; Gall Decl. ¶ 2; LeMay Decl. ¶

19  2.  The LeMay Declaration states that "[t]he accounts queried are composed exclusively of California

20  consumer RISCs, and not commercial contracts, leases, or other types of finance contracts." LeMay

21  Decl. ¶2. Further, although plaintiff complains that "retail installment sales contracts" is an ambiguous

22  term that may not be synonymous with the type of contracts at issue in this lawsuit, the Court notes that

23  plaintiff's own contract is titled "Retail Installment Sales Contract."  Compl., Ex. A.

24

25

26         [1]  The Court overrules the objections to the declaration of Lawrence R. Stegall, CenterOne's
    Director of Collections.  The Court finds that Mr. Stegall may be presumed to have personal knowledge
27  of the data contained in his declaration by virtue of his supervisory position. *See Edwards v. Toys "R"
    Us*, 527 F. Supp. 2d 1197, 1201 (C.D. Cal. 2007) ("Personal knowledge can be inferred from a
    declarant's position within a company or business.").  In addition, CenterOne has submitted declarations
28  from the IT personnel, Margaret LeMay and Tammy Gall, the individuals who compiled the data
    regarding class member deficiencies that is discussed in the Stegall declaration.

**United States District Court**
For the Northern District of California

1    Plaintiff's remaining objections lack merit.  Defendant properly valued the amount in

2    controversy as the full amount of the deficiencies because the complaint seeks not only restitution of

3    deficiency amounts collected, but also seeks injunctive and declaratory relief enjoining defendant from

4    collecting any outstanding deficiency balance.  *See* Compl. Prayer for Relief ¶¶ 4-5.  *See also*

5    *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (amount in controversy is

6    calculated as the value of what either party seeks to accomplish); *Arguelles-Romero v. Super. Ct.*, 184

7    Cal. App. 4th 825, 844 (2010) (in Rees-Levering action, where "[p]laintiffs seek a declaration that they

8    are not liable for the entire deficiency balance; clearly, it is the amount of that deficiency balance that

9    is at issue.").  The Court also finds that defendant's estimate of plaintiff's attorney's fees (which brings

10   the total amount in controversy over $5,000,000) is supported by evidence of fees sought and/or

11   awarded in recent class actions under the Rees-Levering Act.  *See* McLean Decl. ¶¶ 2-6, 8-9 & Ex. 1-7.

12   The declaration by plaintiff's counsel regarding his recent fee awards (between $80,000 - $150,000)

13   does not establish that defendant's estimate is unreasonably high because plaintiff's counsel did not

14   provide any information about the cases listed in his declaration, and thus the Court cannot determine

15   whether those cases are comparable to the instant one.

16   Accordingly, plaintiff's motion to remand is DENIED.  Docket No. 15.

17

18   **II.    Defendant's motion to dismiss**

19   The complaint alleges that the NOI sent to plaintiff violates the Rees-Levering Act in numerous

20   respects, many of which are challenged in defendant's motion to dismiss.  Plaintiff's opposition to the

21   motion to dismiss does not address many of defendant's arguments, and it is unclear to the Court

22   whether plaintiff has abandoned some of the allegations (such as those in Compl. ¶ 16(a)(I)-(iv)).  As

23   to other allegations, plaintiff's opposition simply refers the Court to the complaint and asserts in a

24   conclusory fashion that the "failures are set forth in Paragraph 16 of the Complaint."  Opp'n at 12:1-3

25   (responding to defendant's arguments about allegations in Compl. ¶ 16(b)(I)-(iii)).  Similarly, plaintiff

26   argues that defendant's motion should be denied based on the catch-all allegation in the complaint that

27   defendant's NOI "also violates other provisions of Civil Code § 2983.2(a) not detailed herein."  Compl.

28   ¶ 17.

United States District Court
For the Northern District of California

1    The Court finds that plaintiff's opposition is not helpful in illuminating what issues are actually
2    in dispute.  In light of the fact that plaintiff's opposition also requests leave to file an amended complaint
3    to allege new violations of the Rees-Levering Act, the Court finds that the most efficient course is to
4    GRANT defendant's motion to dismiss and GRANT plaintiff leave to file a first amended complaint.
5    The first amended complaint shall contain specific allegations regarding how the NOI violates
6    California law, and plaintiff is informed that should defendant move to dismiss the amended complaint,
7    plaintiff may not rely on a general catch-all allegation regarding unspecified violations.  Further, in the
8    event defendant moves to dismiss the amended complaint, the Court directs plaintiff to specifically
9    respond to each challenged allegation.  Finally, the Court notes that aside from *Juarez v. Arcadia Fin.,*
10   *Ltd.*, 152 Cal. App. 4th 88 (2007), the parties' papers did not cite much case law addressing whether the
11   types of violations alleged by plaintiff violate the Rees-Levering Act.  If there is motion practice
12   challenging the sufficiency of the first amended complaint, the parties are directed to provide the Court
13   with pertinent authority or state that the issue appears to be one of first impression.

14   Plaintiff shall file an amended complaint no later than **August 15, 2014**.

15   This order resolves Docket No. 7.

16

17   **IT IS SO ORDERED.**

18

19   Dated: July 31, 2014                                      _____
                                                                SUSAN ILLSTON
20                                                              UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

4