UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| MARK R. JONES<br><br>          Plaintiff,<br><br>vs.<br><br>CENTERONE FINANCIAL SERVICES, LLC, a corporation; and DOES 1-50, Inclusive,<br><br>          Defendants.<br>_____/ | Case No. 3:14-CV-01673 SI<br><br>CLASS ACTION<br><br>**AMENDED [PROPOSED] ORDER CERTIFYING CLASS SETTLEMENT, GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Date: December 18, 2015<br>Time: 9:00 a.m.<br>Dept.: 10<br>Hon. Susan Illston |

**THIS MATTER HAVING** come before this Court for an Order preliminarily certifying a Settlement Class and preliminarily approving a settlement between Plaintiff MARK R. JONES, individually and on behalf of the proposed Settlement Class and Defendant CENTERONE FINANCIAL SERVICES, LLC ("CenterOne"), and this Court having reviewed the Settlement Agreement and Release executed by the Parties and the exhibits thereto, that were submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, and the Parties having consented to the entry of this Order:

**IT IS HEREBY ORDERED** this ~~18~~28th day of December, 2015 as follows:

1. This Order of Preliminary Approval incorporates the Agreement, and the defined terms used in this Order shall have the meanings and/or definitions given to them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

For purposes of the settlement, and conditioned upon the settlement receiving final approval at or following the Final Approval hearing, this Court hereby conditionally certifies a Settlement Class, defined as follows and subject to the stated exclusions below:

"Settlement Class" means all persons:

1         (a)    who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code §2981, *et seq.*;

        (b)    whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or Graypoint Auto Finance Corporation and was serviced by CENTERONE;

        (c)    whose motor vehicle was repossessed or voluntarily surrendered;

        (d)    who were issued an NOI by CENTERONE between March 3, 2010 and the date of Preliminary Approval; and

        (e)    against whose account a deficiency balance was assessed.

"Settlement Class" excludes persons: (1) whose accounts were discharged in bankruptcy, and (2) against whom CenterOne obtained a judgment.

2. The settlement is preliminarily approved by this Court as being fair, reasonable and adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial approval. This Court specifically finds that the settlement resulted from extensive arms-length negotiation, the settlement is sufficient to warrant dissemination of notice of the settlement and of the Final Approval Hearing on said settlement, to the Settlement Class. This Court further finds that Settlement Class Representatives and Settlement Class Counsel provisionally are found to fairly and adequately represent the interests of the Settlement Class and to satisfy the requirements to be representatives of and counsel to the Settlement Class, respectively.

3. The Court preliminarily appoints Plaintiff Mark Jones as Settlement Class Representative.

4. The Court preliminary appoints the law firm of Kemnitzer, Barron & Krieg, LLP as Settlement Class Counsel.

5. A Final Approval Hearing shall be held on May 13, 2016 at 9:00 a.m./~~p.m.~~ before the Honorable Susan Illston in Courtroom 10 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, to consider: (a) the fairness, reasonableness and adequacy of the proposed settlement; (b) whether the settlement should be finally approved by this Court; (c) the

1  application of Settlement Class Counsel for an award of attorneys' fees and expenses; (d) the
2  application for a service award to the Settlement Class Representative; (e) designation of one or
3  more *cy pres* recipients, conditioned upon the existence of a residue after distribution; (f) and
4  such other matters as this Court may deem proper and necessary.
5  6.       The Court approves Kurtzman Carson Consultants as the Settlement Class Administrator,
6  to perform the duties set forth in the Agreement. Individual notice shall be sent, at CenterOne's
7  expense, subject to a cap of $40,000, to each member of the Settlement Class via first class U.S.
8  Mail within thirty (30) days from the issuance of this Order.
9  7.       The Settlement Class Administrator shall provide notice to the Settlement Class
10 substantially in the form as the Settlement Class Notice attached as Exhibit B to the Agreement.
11 The Court finds that it is the best notice practicable, and is reasonably calculated, under the
12 circumstances, to apprise the Settlement Class of the pendency of the Action and their right to
13 participate in, object to, or exclude themselves from the settlement. This Court further finds that
14 the Settlement Class Notice is sufficient notice of the Final Approval hearing, the settlement, the
15 application for attorneys' fees and expenses, service award, and other matters set forth therein,
16 and that the Settlement Class Notice fully satisfies the California Rules of Court and due process
17 of law, to all persons entitled thereto. As set forth in the Settlement Agreement, CenterOne shall
18 be responsible for all costs and expenses incurred in connection with disseminating the
19 Settlement Class Notice to the Settlement Class, provided such costs do not exceed $40,000.00.
20 8.       Prior to the Final Approval hearing, the Settlement Class Administrator shall provide a
21 declaration to the Parties, to be filed with the Court, summarizing the number of requests for
22 exclusion and objections from the Settlement Class.
23 9.       Any Settlement Class Member who intends to object to the fairness, reasonableness and
24 adequacy of the settlement must send a written Objection to the Settlement Class Administrator
25 postmarked no later than sixty (60) days after the date the Settlement Class Notice is mailed to
26 the Settlement Class. Any Objector must set forth his/her full name, current address, dated
27 signature, and telephone number; a clear statement of each objection; a clear statement of all
28 supporting evidence; and a copy of any briefing to be considered in support of the objection.

1  Objections must be served upon the Settlement Administrator at:

2  KURTZMAN CARSON CONSULTANTS
   75 Rowland Way
3  Novato, CA 94945
   (415) 798-5900
4

5  10.     Objectors must state in writing all objections and the reasons therefor, all supporting

6  evidence, and a copy of any briefing to be considered in support of the objection. No Objector

7  shall be entitled to be heard at the Final Approval hearing, and no written objections or briefs

8  submitted by an Objector shall be received or considered by this Court at the Final Approval

9  hearing, unless the Objector has fully complied with all terms and conditions set forth in the

10 Settlement Class Notice as approved herein, subject to the Court's exercise of its discretion in

11 this regard. If an Objection is overruled, the Objector will be bound by the terms of the

12 Settlement Agreement and may not exclude himself or herself later. Members of the Settlement

13 Class who fail to file and serve timely written objections in the manner specified above shall be

14 deemed to have waived any objections and shall be foreclosed from making any objection

15 (whether by appeal or otherwise) to the settlement.

16 11.     Members of the Settlement Class may elect to exclude themselves from the settlement,

17 relinquishing their rights to any and all benefits under the Agreement. Members of the

18 Settlement Class who exclude themselves from the settlement will not have any rights under this

19 settlement, will not be entitled to receive a settlement payment, and will not be bound by the

20 Settlement Agreement or the Final Approval Order and Judgment. A Settlement Class member

21 wishing to exclude himself or herself from the settlement must fully comply with all terms and

22 conditions set forth in the Settlement Class Notice approved herein. Any request for exclusion

23 must be postmarked no later than sixty (60) days after the date the Settlement Class Notice is

24 mailed to the Settlement Class. A member of the Settlement Class who fails to submit a valid

25 and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the

26 Final Order and Judgment.

27 12.     In the event that more than ten percent (10%) of the Settlement Class exclude themselves

28 from the settlement, either Party shall have the right to declare the Settlement Agreement null

1  and void by written notice filed with the Court within ten (10) days before the date set for the
2  hearing on Final Approval of the Settlement.  If such an event occurs, the Parties will be restored
3  to their respective positions in the litigation as of the date the Settlement Agreement was
4  reached, and any orders entered by this Court in accordance with the Settlement Agreement shall
5  be vacated.

6  13.     Any member of the Settlement Class who submits a timely request for exclusion may not
7  file an Objection to the settlement and shall be deemed to have waived any rights or benefits
8  under the Agreement.

9  14.     The Court shall hold a Final Approval hearing in this matter on  May 13  , 2016.
10 Settlement Class Counsel shall file their Motion for Final Approval, for an award of attorneys'
11 fees and costs, for a service award to the Settlement Class Representative, and all supporting
12 papers not later than thirty-five (35) Court days before the Final Approval hearing.

13 15.     In the event that (a) this Court does not finally approve the settlement substantially as
14 provided in the Agreement; (b) this Court does not enter the Final Order and Judgment as
15 provided in all material respects and substantially in the form set forth in the Agreement and
16 Exhibit C thereto; or (c) the settlement does not become final for any other reason, the
17 Agreement shall be null and void and any order entered by this Court in furtherance of this
18 settlement shall be vacated *nunc pro tunc*.  In such a case, the Parties shall proceed in all respects
19 as if the Agreement had not been executed and this Action shall revert to its status with respect to
20 class certification (and otherwise) as existed prior to the execution of this Agreement.

21 16.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court
22 retains continuing jurisdiction over the settlement proceedings to ensure the effectuation thereof
23 in accordance with the settlement preliminarily approved herein and the related orders of this
24 Court.

25 17.     The parties are directed to carry out their obligations under the Agreement.
26 ///
27
28                              **Summary of Applicable Dates**

| | | |
|---|---|---|
| 1. | Preliminary Order approved by Court | December ~~18,~~ 28, 2015 |
| 2. | Settlement Class Notice to be sent by Settlement Administrator (Settlement Agreement and Release ¶ 3.09) | January 18, 2016 (30 days after Preliminary Approval) |
| 3. | Motion for Attorneys' Fees and Costs filed by | February 26, 2016 (21 days prior to the date for Settlement Class Members to object to the Settlement Agreement) |
| 4. | Exclusion from the Settlement Class postmarked by (Settlement Agreement and Release ¶ 3.10) | March 18, 2016 (60 days after mailing of Settlement Class Notice) |
| 5. | Objection to the Settlement postmarked by (Settlement Agreement and Release ¶ 3.11) | March 18, 2016 (60 days after mailing of Settlement Class Notice) |
| 6. | Motion for Final Approval filed by (Settlement Agreement and Release ¶ 4.01) and responses to objections, if any. | April 8, 2016 (35 days before Final Approval hearing) |
| 7. | Defendants' Pleadings re Final Approval | May 2, 2016 (9 Court days before Final Approval Hearing) |
| 8 | Settlement Class Administrator Declaration filed by (Settlement Agreement and Release ¶ 3.06(m)) | April 29, 2016 (10 Court days before Final Approval Hearing) |
| 9. | Final Approval hearing and Attorneys' Fees and Costs hearing | May 13, 2016 |

**SO ORDERED**

Dated: December 18, 2015

_____
The Honorable Susan Illston