William M. Krieg, SBN 066485
Eric M. Kapigian, SBN 238733
KEMNITZER, BARRON & KRIEG, LLP
2014 Tulare Street, Suite 700
Fresno, CA 93721
Telephone (559) 441-7485
Facsimile (559) 441-7488

Bryan Kemnitzer, SBN 066401
KEMNITZER, BARRON & KRIEG, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

Attorneys for MARK. R. JONES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. JONES,<br><br>          Plaintiff,<br><br>vs.<br><br>CENTERONE FINANCIAL SERVICES; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.: 3-14-cv-01673-SI<br><br>**DECLARATION OF WILLIAM M. KRIEG IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  May 13, 2016<br>Time:  9:00 a.m.<br>Dept:  1<br>The Hon. Susan Illston |

I, William M. Krieg, declare:

1.      I am duly licensed to practice before all the courts of the State of California and I am counsel of record for Plaintiff, MARK R. JONES, and Settlement Class Counsel on behalf of the class. I have personal knowledge of, and if called as a witness, could competently testify to the following matters.

2.    I am not aware from any source of any objection received to the proposed settlement in this action, and no Class Members have requested exclusion from the class based on the information provided by the Settlement Class Administrator.

3.    Pursuant to the Settlement Agreement (Exhibit 1) preliminarily approved by this Court, the settlement provides for the following key benefits to the class, whose size and scope was provided and affirmed by CENTERONE under penalty of perjury.

Class Membership. Pursuant to the Court's preliminary approval order the Settlement Class consists of all persons: "(a) who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, et seq.; (b) whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or Graypoint Auto Finance Corporation and was served by CENTERONE; (c) whose motor vehicle was repossessed or voluntarily surrendered; (d) who were issued an NOI by CENTERONE between March 3, 2010 and date of Preliminary Approval; and (e) against whose account a deficiency balance was assessed. "Settlement Class" excludes persons: (1) whose accounts were discharged in bankruptcy, and (2) against whom CenterOne obtained a judgment." (See, Amended Order Granting Prelim. Approval, Dkt.No. 73 at p. 2.)

Benefits to Settlement Class Members. There are about 528 Settlement Class Members. Each Settlement Class Member who does not opt out of the settlement will receive the following benefits without the need to submit a claim, or other affirmative action on their part:

(a)  CENTERONE will eliminate and reduce to zero the deficiency balance of each Class Member.   The total of all deficiency balances is about $3,568,957. (Exh. 1, ¶5.01.)

(b)  CENTERONE was paid or received from Settlement Class Members about $84,552.37 on the deficiency balances.   Each Settlement Class Member will receive

reimbursement of seventy percent (70%) of the amount paid toward his/her deficiency balance. (Exh. 1, ¶¶ 5.01, 5.02(c))

All Settlement Class Members will also automatically receive the following non-monetary relief:

(c)   CENTERONE will relieve all Settlement Class Members from any liability for their deficiency balances. (Exh. 1, ¶ 5.03(a))

(d)   CENTERONE, either on its own account or through third party collectors, will not take any further action to collect or attempt to collect deficiency balances from Settlement Class Members. (Exh. 1, ¶ 5.03(b))

(e)   CENTERONE will request that all credit reporting agencies delete all references to the loan, the debt, and any deficiency or delinquency for all Settlement Class Members. (Exh. 1, ¶ 5.03(c))

Class Representative's Service Award.  In addition to the relief provided to all Settlement Class Members, CENTERONE will pay the Class Representative a service award of $2,000, subject to court approval. (Exh. 1, ¶ 5.07.)

Attorneys' Fees, Costs and Expenses.  The settlement provides that CENTERONE shall pay JONES's attorneys' fees and costs up to $300,000, subject to approval by the Court upon motion by Class Counsel. (Exh. 1, ¶ 5.06.)  Those fees, costs and expenses will be paid separately from and in addition to the relief provided to the class.

Expenses of Settlement Class Administrator.  Administration of the settlement has been conducted by the appointed Settlement Class Administrator, Kurzman Carson Consultants, an experienced professional class action administrator.  CENTERONE will pay all costs of notice and class administration, separate from and in addition to other relief to the class. (Exh. 1, ¶ 3.06.)

Settlement Class Notice.   Notice of the Proposed Settlement has been given by the Settlement Class Administrator in accordance with the Court's Order of December 28, 2015, granting preliminary approval of the settlement.  The details of the Notice mailing are provided in the Declaration of Corinne Kirmil.

Undistributed and Unclaimed funds. Any undistributed or unclaimed funds and the residue of uncashed checks to class members will be placed in a *cy pres* fund and be distributed to the qualified non-profit organization, California Rural Legal Assistance (CRLA) (Exh 1., ¶ 5.05.)  No undistributed funds will revert back to CENTERONE.

4.     **The Settlement is Fair and Reasonable.**   I strongly support this Settlement as being fair and reasonable.  Based upon the uncertainty of the outcome of a contested motion for class certification and the possibility of expensive and lengthy litigation and trial, I believe this Settlement should be approved by the Court. This Settlement achieves nearly all of the important goals sought by the litigation.  It returns 70% of all money paid by Settlement Class Members. Equally significant, CENTERONE will provide debt relief of about $3,568,957 by eliminating the total deficiency debt owed by Settlement Class Members. All Settlement Class Members will also receive the substantial benefit of having the entire record of their CENTERONE loan removed from their credit reports.  By removing this record of each Settlement Class Member's loan default, repossession and deficiency balance owed, each Member's credit score should be substantially improved, thus freeing them from the negative consequences of those damaging credit entries. All of CENTERONE's loan records will be adjusted to show a zero ($0.00) balance owed, and all collection attempts, including legal actions on deficiencies, will cease.  Taking all matters into consideration, and weighing the risks versus the benefits to the Class, I strongly believe this Settlement is highly beneficial to all Class Members and warrants final approval by the Court.

5.     The proposed settlement is the product of many hours of arm's-length negotiations that began over 2 years ago between sophisticated counsel who are each experienced in similar Rees-Levering Act "notice" litigation.

6.     I have practiced primarily plaintiffs' civil litigation for over 40 years, the past 25 years of which have been dedicated solely to representing consumers in individual and class actions. I have substantial experience in the prosecution of consumer class actions such as this, and have a distinguished record in doing so, as set forth in more detail in my Declaration in Support of Plaintiff's Motion for Attorney's Fees and Costs, filed on March 4, 2016 [Dkt. No. 74]. I have successfully prosecuted at least twenty class action cases alleging violations of the "notice" provisions of California's Rees-Levering Act such as alleged in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of April 2016, at Fresno, California.


/s/ William M. Krieg, Esq.


_____
WILLIAM M. KRIEG,
Declarant

.

# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

*Mark R. Jones v. CenterOne Financial Services LLC*
United States District Court, Northern District of California, Case No. 3:14-cv-01673 SI

This Settlement Agreement and Release ("Agreement") is entered into by and between CENTERONE FINANCIAL SERVICES LLC ("CENTERONE" or "Defendant") on the one hand, and MARK R. JONES, individually and on behalf of the Settlement Class below, on the other hand.

1.   **RECITALS**

**1.01**   MARK R. JONES ("Settlement Class Representative"), as Plaintiff, commenced an action currently pending against CENTERONE (US District Court, Northern District of California Case Number 3:14-cv-01673 SI) (the "Action"), which has been brought as a putative class action and which asserts individual and class claims for violations of the Rees- Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.* and Business and Professions Code § 17200, *et seq.*

**1.02**   For purposes of this Agreement, CENTERONE will not contest the allegation that the NOI (as defined herein) sent to Settlement Class members during the period of March 3, 2010 to the date of Preliminary Approval did not strictly comply with the requirements of Civil Code §2983.2 pertaining to NOIs.

**1.03**   Counsel for the Parties have fully analyzed and evaluated the merits of the Parties' contentions and this settlement as it impacts the Parties, including the individual members of the Settlement Class, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Action, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate, and equitable, and that a settlement of the Action is in the best interests of the Parties and the Settlement Class.

**EXHIBIT "1"**

1.04   The Parties desire to settle the Action on the terms and conditions set forth herein, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to put to rest the controversies engendered by the Action.

1.05   In consideration of the covenants and agreements set forth herein, the Class Representative, the Settlement Class, and CENTERONE, themselves and through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

## 2.   DEFINITIONS

2.01   "Action"

"Action" means and includes the Complaint and all other proceedings in U.S. District Court, Northern District of California Case No. 3:14-cv-01673 SI.

2.02   "Agreement"

"Agreement" means this Settlement Agreement and Release.

2.03   "Conditional Sale Contract"

"Conditional Sale Contract" refers to and incorporates the meaning set forth in California Civil Code §2981(a).

2.04   "Court"

"Court" means the United States District Court for the Northern District of California.

2.05   "Defendant"

"Defendant" refers to CENTERONE FINANCIAL SERVICES, LLC.

2.06   "Defense Counsel" or "CenterOne's Counsel"

"CenterOne's Counsel" or "Defense Counsel" refers to the law firm of Sheppard, Mullin, Richter & Hampton LLP.

**2.07** **"Deficiency Balance"**

"Deficiency Balance" refers to the outstanding balance of a Settlement Class member's Conditional Sale Contract account after sale or other disposition of the loan collateral by CENTERONE or its agents.

**2.08** **"Distribution Date"**

"Distribution Date" means fifteen (15) days after Final Judgment.

**2.09** **"Final Approval"**

"Final Approval" of this Agreement means the date that the Court issues orders finally approving this settlement including the judgment substantially in the form attached hereto as Exhibit C.

**2.10** **"Final Judgment"**

"Final Judgment" means thirty-one days after Final Approval or, if an appeal is taken, when the judgment is final after all appeals are exhausted.

**2.11** **"Motor Vehicle"**

"Motor Vehicle" is any motorized vehicle as defined by Civil Code §2981(k).

**2.12** **"NOI"**

"NOI" means a notice of intent to dispose of a repossessed or surrendered Motor Vehicle within the meaning of Civil Code § 2983.2.

**2.13** **"Parties"**

"Parties" means the Settlement Class Representative, the Settlement Class, and CENTERONE.

2.14    "Preliminary Approval"

"Preliminary Approval" of this Agreement means that the Court has entered an order, substantially in the form attached hereto as **Exhibit A**, certifying a Settlement Class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class.

2.15    "Related Parties"

"Related Parties" means (a) CENTERONE's parent, affiliated and/or subsidiary companies, as well as each of their predecessors, successors, parents, subsidiaries, affiliates, and assigns, and (b) the past, present and future officers, directors, trustees, employees, shareholders, investors, owners, representatives, controlling persons, partners, associates, attorneys, accountants, service providers, agents, consultants, insurers, reinsurers and subrogees of each person or entity mentioned in clauses (a) or (b) of this section.

2.16    "Settlement Class"

"Settlement Class" means all persons:

(a)     who purchased a motor vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.*;

(b)     whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or Graypoint Auto Finance Corporation and was serviced by CENTERONE;

(c)     whose motor vehicle was repossessed or voluntarily surrendered;

(d)     who were issued an NOI by CENTERONE between March 3, 2010 and the date of Preliminary Approval; and

(e)     against whose account a deficiency balance was assessed.

2.17   "Settlement Class" excludes persons (1) whose accounts were discharged in bankruptcy, and (2) against whom CENTERONE obtained a judgment.

2.18   "Settlement Class Administrator"

"Settlement Class Administrator" refers to Kurtzman Carson Consultants.

2.19   "Settlement Class Counsel"

"Settlement Class Counsel" refers to the law firm of Kemnitzer, Barron & Krieg, LLP.

2.20   "Settlement Class Notice"

"Settlement Class Notice" refers to the notice to be sent to Settlement Class members by the Settlement Class Administrator substantially in the form attached hereto as **Exhibit B**.

2.21   "Settlement Class Representative"

"Settlement Class Representative" refers to Mark R. Jones.

As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof as the case may be.

## 3.   PRELIMINARY APPROVAL

3.01   Settlement Class Certification.  For the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a settlement class shall be certified in accordance with the definition of the "Settlement Class" set forth in Section 2.16 and 2.17 hereof, that Plaintiff shall be the Settlement Class Representative, and his counsel of record, Kemnitzer, Barron & Krieg, LLP, shall be appointed as Settlement Class Counsel.  The certification of the Settlement Class shall be binding only with respect to the settlement and this Agreement.  In the event this Agreement terminates pursuant to its terms for any reason, the Settlement Class Certification Order shall be vacated by its terms, and this Action shall revert to its status with

respect to class certification as existed prior to the date of the execution of the Settlement Agreement.

3.02     **Preliminary Approval**.  Promptly upon execution of this Settlement Agreement, the Settlement Class Representative, through Settlement Class Counsel, shall move for Preliminary Approval of this Agreement.  The motion shall request an order:

(a)     granting Preliminary Approval of this settlement substantially in the form attached as **Exhibit A**;

(b)     conditionally certifying the Settlement Class for settlement purposes only;

(c)     appointing Mark R. Jones as Settlement Class Representative;

(d)     appointing Kemnitzer, Barron & Krieg, LLP as Settlement Class Counsel;

(e)     approving a Settlement Class Notice substantially in the form attached hereto as **Exhibit B** to be mailed to Settlement Class members;

(f)     approving the retention of the Settlement Class Administrator and class settlement procedures; and

(g)     prohibiting CENTERONE from collecting a Deficiency Balance from any Settlement Class member.

3.03     **Cessation of Collection**. Immediately upon execution of this Agreement, CENTERONE shall use its best efforts to cease all attempts to collect Deficiency Balances from Settlement Class members, including, if applicable: (1) recalling the accounts of Settlement Class members from any internal collection departments; (2) recalling and/or repurchasing the account of any Settlement Class members that were assigned to any outside collection agencies; (3) recalling any accounts of Settlement Class members that have been assigned to legal counsel for collection; and (4) dismissing any pending legal action against any Settlement Class member.

3.04 **Appointment of Settlement Class Representative and Settlement Class Counsel.**
Mark R. Jones will ask the Court to appoint him as Settlement Class Representative for the
Settlement Class and appoint Kemnitzer, Barron & Krieg, LLP as Settlement Class Counsel.
CENTERONE will not oppose these requests.

3.05 **Identifying Settlement Class.** Not later than ten (10) days following Preliminary
Approval, CENTERONE shall provide to the Settlement Class Administrator, in electronic format,
a spreadsheet containing, to the extent available:

> (a) Each Settlement Class member's name, account number, last known address;
> and
>
> (b) The outstanding deficiency for each class member; and
>
> (c) The total of any payments made by a Settlement Class member toward the
> Deficiency Balance.

3.06 **Obligation of Settlement Class Administrator.** CENTERONE shall engage
Kurtzman Carson Consultants LLC as the Settlement Class Administrator. CENTERONE shall pay
the fees, costs and expenses of the Settlement Class Administrator separate from and in addition to
the relief provided to Settlement Class members. CENTERONE's Settlement Class administration
liability shall not exceed $40,000. The Settlement Class Administrator shall be responsible for all
of the following:

> (a) Conducting a National Change Of Address search for all Settlement Class
> members;
>
> (b) preparing, printing, and disseminating the Settlement Class Notice to the
> Settlement Class substantially in the form attached as Exhibit B;

(c)    promptly furnishing to the Parties' Counsel copies of any requests for

exclusion, objections, or other written or electronic communications from the

Settlement Class;

(d)    determining the amount to be refunded to eligible Settlement Class members

in accordance with this Agreement;

(e)    keeping track of requests for exclusion and objections to the settlement,

including maintaining the original mailing envelope in which they were

mailed, and within five (5) business days after the close of the opt-out or

objection period, informing  the Parties' Counsel in writing of the total

number of such requests received in response to the Settlement Class Notice;

(f)    preparing and mailing Settlement checks in accordance with this Agreement;

(g)    for Settlement Class Members who paid any amount toward their Deficiency

Balances whose Settlement Class Notices are returned as undeliverable,

ascertaining current address and addressee information via check or skip

trace procedures using Social Security numbers to be provided by

CENTERONE and re-mailing the Settlement Class Notice in the manner and

under the circumstances described herein;

(h)    performing any tax reporting duties required by federal, state, or local law;

(i)    referring to Settlement Class Counsel all inquiries by the Settlement Class

regarding matters not specified herein;

(j)    maintaining adequate records of all its activities, including the dates of each

mailing of Settlement Class Notices, returned mail, and other

communications and attempted written or electronic communications with the Settlement Class;

(k)     confirming in writing its completion of the administration of the settlement;

(l)     preparing a final report summarizing the number of claims, requests for exclusion, objections, and disputes filed;

(m)     no later than ten (10) court days prior to the Final Approval Hearing, preparing a declaration summarizing the number of requests for exclusion and objections, and delivering such declaration to the Parties' counsel;

(n)     resolving disputes during the claims administration process in the manner provided below; and

(o)     such other tasks as Settlement Class Counsel and Defense Counsel mutually agree upon.

3.07     <u>Resolution of Disputes</u>. Any disputes regarding payments to the Settlement Class – such as a dispute about a payment amount or the proper recipient of a payment – will be resolved in the following manner. Settlement Class Counsel and Defense Counsel will first meet and confer in a good faith attempt to resolve the dispute. In the event the dispute cannot be resolved informally between the Parties' Counsel, the Settlement Class Administrator will resolve the dispute and such resolution shall be final and binding on the Settlement Class member. In resolving such disputes, CENTERONE'S records shall be presumed to be accurate and correct, and shall be final and binding, unless information provided by the Settlement Class member proves otherwise. Any such disputes shall be resolved and all checks must be negotiated within ninety (90) days of the Distribution Date.

3.08    **CENTERONE Declaration**.  As soon as practicable  after  execution of this Settlement Agreement, CENTERONE shall provide Settlement Class Counsel, for filing with the Court, a declaration from a CENTERONE designated representative, stating:

(a)    the method utilized by CENTERONE to identify the Settlement Class expressly noting that the search includes all co-borrowers,

(b)    the number of deficiency accounts included in the Settlement Class,

(c)    the total amount of Deficiency Balances assessed against the Settlement Class, and

(d)    the total amount of payments collected on Deficiency Balances from the Settlement Class.

3.09    **Settlement Class Notice**.  Attached as **Exhibit B** to this Agreement is the notice to be sent to Settlement Class members by the Settlement Class Administrator.  Within  thirty (30) days after Preliminary Approval, the Settlement Class Administrator shall mail the Settlement Class notice in the form approved by the Court by first class United States mail to all Settlement Class members.  Such notices will be mailed to the updated addresses for the Settlement Class obtained by the process  set forth in Section 3.07.

3.10    **Exclusion**. Any Settlement Class member (other than the Settlement Class Representative) may elect to be excluded from the Settlement Class by submitting in writing a request for exclusion to the Settlement Class Administrator.  Such request must be postmarked no later than sixty (60) days after the date the Settlement Class Notice is mailed to the Settlement Class.  To be effective, any request for exclusion must contain: the name of the case; the name, address, dated signature, and telephone number of the Settlement Class member; and a written statement that the Settlement Class member wishes to be excluded from this settlement.  Any

Settlement Class member who timely and properly requests exclusion in compliance with these requirements will not have any rights under this settlement, will not be entitled to receive a settlement payment, and will not be bound by this Settlement Agreement or the Final Approval Order and Judgment.

3.11   **Objection**. Any Settlement Class member (other than the Settlement Class Representative and other than those who request exclusion from the Settlement Class) may object to this Agreement by submitting in writing his or her objection to the Settlement Class Administrator. Any such objection must be postmarked no later than sixty (60) days after the date the Settlement Class Notice is mailed to the Settlement Class. Any such objection must contain the name, address, dated signature, and telephone number of the Settlement Class member; a clear statement of each objection; a clear statement of all supporting evidence; and a copy of any briefing to be considered in support of the objection. The Parties recognize that the Court in its discretion may hear objectors at the time of Final Approval, whether or not a written objection was served as provided for above.

3.12   **Cancellation of Agreement**. In the event more than ten percent (10%) of the Settlement Class members opt-out or exclude themselves from the Settlement, either Party shall have the right to declare the instant Agreement null and void by written notice filed with the Court within ten (10) days before the date set for the hearing on Final Approval of the Settlement. In such event, the Parties shall be restored to their respective positions in the litigation as of the date this Settlement was reached, and any orders entered by the Court in accordance with this Agreement shall be vacated.

4.   **FINAL APPROVAL.**

4.01   **Motion for Final Approval**. Settlement Class Counsel and Defense Counsel shall request a date for the Final Approval Hearing at the time of the hearing for Preliminary Approval. At least thirty-five (35) days prior to the Final Approval hearing, Settlement Class Counsel shall file

a Motion for Final Approval of the Settlement, for an award of attorneys' fees and costs, and for a service award to the Settlement Class Representative. The motion will request the Court to grant Final Approval of the settlement by entering an order substantially in the form attached hereto as **Exhibit C**, including approving this Agreement as final, fair, reasonable, adequate and binding on the Settlement Class, awarding attorneys' fees and costs to be paid to Settlement Class Counsel, and approving a plan for distribution of residual funds, if any.

        **4.02**    <u>Termination of Agreement</u>. The certification of the Settlement Class shall be binding only with respect to the settlement set forth in this Agreement. In the event this Agreement terminates pursuant to its terms or for any reason, the Order conditionally certifying a Settlement Class shall be vacated, and this Action shall revert to its status with respect to class certification (and otherwise) as existed prior to the execution of this Agreement. Furthermore, any evidence and statements made relating to this Agreement—other than evidence obtained through ordinary discovery procedures or from third party sources by the Parties—offered in support of the settlement shall be deemed privileged and confidential pursuant to Evidence Code §1152.

## 5.    <u>RELIEF TO SETTLEMENT CLASS MEMBERS</u>

        **5.01**    After diligent investigation of its records, CENTERONE affirms that as of the date of this Agreement, there are approximately 528 members of the Settlement Class whose Deficiency Balances total approximately $3,568,957.00, and that CENTERONE has collected approximately $84,552.37 from Settlement Class members in payments made on their Deficiency Balances.

        **5.02**    <u>Monetary Relief to Settlement Class Members</u>.

            (a)    CENTERONE shall determine by diligent investigation from its records, for each Settlement Class member, the amount of that Settlement Class member's Deficiency Balance, and the amount of money paid by him/her on the Deficiency Balance.

(b)     Ten (10) business days after Final Judgment, CENTERONE agrees to electronically transfer to an account held by the Settlement Class Administrator the full amount necessary to pay the Settlement Class members the monetary relief pursuant to the terms of this Agreement.

(c)     On the Distribution Date, the Settlement Class Administrator shall issue refund checks to eligible Settlement Class members who paid any amount toward their Deficiency Balances. The amount refunded shall consist of seventy percent (70%) of the amount paid by the eligible Settlement Class member toward his or her Deficiency Balance, or approximately $59,186.66 in the aggregate. Any eligible Settlement Class members who do not cash their checks within ninety (90) days after issuance shall no longer be eligible to receive a monetary relief but shall be entitled to the other relief provided by CENTERONE in this Agreement, and shall otherwise be bound by the Agreement and any judgment entered in the Action.

(d)     If there are co-borrowers on an account, the monetary relief pursuant to the preceding section shall be by check made payable to the first named borrower. In the event of any dispute about a check or its proper recipient, whether caused by the death of a co-borrower, a dispute between the co-borrowers, or for any other reason, Settlement Class Counsel and CENTERONE's Counsel shall meet and confer in a good faith attempt to resolve that dispute. In the event the dispute cannot be resolved informally between the Parties, the Settlement Class Administrator shall resolve the dispute in consultation with the Parties' counsel.

5.03    <u>Additional Relief to Settlement Class Members</u>.  CENTERONE shall provide the following Non-Cash relief to Settlement Class members on or before the Distribution Date:

(a)    CENTERONE shall identify the accounts for Settlement Class members where a Deficiency Balance was assessed, and shall change those account records to reflect a zero balance for each such account.

(b)    CENTERONE agrees not to take any further steps, directly or indirectly, to collect any amounts purportedly owed by any member of the Settlement Class arising out of a Deficiency Balance following repossession. CENTERONE shall use its best efforts to immediately cease such collection efforts, and shall not resume any such collection efforts.

(c)    CENTERONE shall request that Equifax, Experian, and TransUnion each delete all Settlement Class members' trade lines with respect to their accounts.  If at any time following sixty (60) days after such instruction, any Settlement Class member notifies either of the Parties or the Settlement Class Administrator that this information has not been deleted from his or her credit report, CENTERONE will again request deletion of the trade line from the Settlement Class member's credit history.  The Parties agree that CENTERONE shall have no liability for any failure by any credit reporting agency to act on such request, and that a Settlement Class member's sole remedy for any such failure to act shall be to make a second request as set forth above.

5.04    <u>1099s</u>.  The parties believe that no "identifiable event" has occurred within the meaning of Treasury Regulations section 1.6050P-1(b)(2) as a result of this Agreement, and as a

result, CenterOne will not issue IRS Forms 1099 to any Settlement Class member in connection with this Agreement. Notwithstanding the foregoing, CenterOne may issue IRS Forms 1099 with respect to such Settlement Class members in the future if ordered to do so by the IRS, and any such compliance by CenterOne with an IRS directive shall not be a breach of this Agreement.

5.05 **Distribution of Residue of Uncashed Checks**. One Hundred Fifty (150) days after the Distribution date, the Settlement Class Administrator shall notify the Parties' counsel in writing of: the number of Settlement Class members, the number of Settlement Class members sent checks, the total dollar amount of the checks, and the total dollar amount of such uncashed checks. The residue, if any, of any uncashed checks distributed pursuant to the terms of this Agreement shall be used to make contributions to California Rural Legal Assistance, Inc. (CRLA).

5.06 **Settlement Class Counsel's Attorneys' Fees and Costs**. CENTERONE agrees not to oppose Settlement Class Counsel's application to the Court for an award of attorneys' fees and costs in an amount not to exceed $300,000. Settlement Class Counsel agree that they shall not be entitled to and will not seek – either from CENTERONE or from any other party, person or entity – attorneys' fees and costs or other compensation for attorneys' services and expenses in the Action exceeding $300,000. CENTERONE shall have no obligation under any circumstances to pay more than a total of $300,000 for attorneys' fees and costs to Settlement Class Counsel and any other lawyers or law firms claiming fees and/or costs in connection with this Action. In the event that Settlement Class Counsel seek a fee and cost award that does not exceed $300,000, CENTERONE agrees not to object to, negatively comment on, or appeal Settlement Class Counsel's application for fees and costs. Settlement Class Counsel agree that such an award shall compensate them for all legal work in the Action up to and including the date of the Final Judgment, as well as for all legal work and costs that may be incurred in the Action after the Final Judgment. Attorneys' fees and

costs approved by the Court shall be paid by CENTERONE on or before the Distribution Date, or as otherwise ordered by the Court, after receipt by CENTERONE of a W-9 from Settlement Class Counsel,

     5.07   Service Award. On or before the Distribution Date, and subject to the Court's approval, CENTERONE shall pay to the Settlement Class Representative a service award of $2,000.00 in addition to any other relief to which he may be entitled as a Settlement Class member.

## 6.   ADMINISTRATION OF THE SETTLEMENT

     6.01   CENTERONE Will Provide a Declaration Regarding Its Compliance With the Settlement Terms. Within ninety (90) days of the Distribution Date, CENTERONE shall file and serve on Settlement Class Counsel a declaration under penalty of perjury pursuant to the laws of the State of California establishing:

        (a)   that, after a reasonable search and a diligent inquiry, CENTERONE has identified to the best of its ability the Settlement Class members;

        (b)   that CENTERONE has deposited with the Settlement Class Administrator sufficient funds to provide the monetary relief set forth herein;

     6.02   the Deficiency Balances of Settlement Class Members have been extinguished; and

     6.03   CENTERONE has complied with its credit reporting obligations under this Agreement.

## 7.   RELEASES

     7.01   Release by Settlement Class Representative. The Settlement Class Representative hereby releases any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that he has, had, or may have against CENTERONE and Related Parties, that have been or could have been asserted in the Action based on the facts alleged in the Action, including but not limited to any claims, liens, demands, causes of action, obligations,

damages, and liabilities, known or unknown arising out of CENTERONE's servicing of his

account, sending of an NOI, the content of that NOI, the assertion of a deficiency following

repossession, the collection or attempted collection of the deficiency, and the reporting to credit

reporting agencies of the amounts remaining on the account after repossession. The Settlement

Class Representative expressly understands and acknowledges that it is possible that unknown

losses or claims exist or that present losses may have been underestimated in amount or severity.

The Settlement Class Representative explicitly took that possibility into account in entering into

this Agreement, and a portion of the consideration and the mutual covenants contained herein,

having been bargained for between the Settlement Class Representative and CENTERONE with the

knowledge of the possibility of such unknown losses or claims, was given in exchange for a full

accord, satisfaction, and discharge of all such losses or claims. Consequently, the Settlement Class

Representative expressly waives all rights under California Civil Code Section 1542, which

provides that:

> A general release does not extend to claims which the creditor does not
> know or suspect to exist in his favor at the time of executing the release,
> which if known by him must have materially affected his settlement with
> the debtor.

**7.02    Satisfaction by Judgment Of Class Claims**. Upon Final Approval, the members of

the Settlement Class who have not timely excluded themselves as set forth herein shall and hereby

do release any and all claims, liens, demands, causes of action, obligations, damages, and liabilities,

known or unknown, that they ever had or may have against CENTERONE and Related Parties, that

have or could have been asserted in the Action based on the facts alleged in the Action, including

but not limited to any claims, liens, demands, causes of action, obligations, damages and liabilities,

known or unknown arising out of CENTERONE's sending of an NOI, the content of that NOI, the

assertion of a Deficiency Balance following repossession, the collection or attempted collection of the deficiency, and the reporting to credit reporting agencies concerning the deficiency.

8. **MISCELLANEOUS PROVISIONS**

8.01 **Each Party Is Represented by Counsel.** The Parties acknowledge to each other that each has been advised and is represented by legal counsel of his, her, or its own choice throughout all of the negotiations which preceded the execution of this Settlement Agreement and that they have executed this Settlement Agreement after being so advised and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other, except as expressly set forth in this Agreement. The Parties further acknowledge that they and their counsel have had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Each Party has read and approved the language of this Agreement, with the assistance of counsel.

8.02 **Governing Law.** This Agreement is intended to and shall be governed by the laws of the State of California.

8.03 **Entire Agreement/Construction and Interpretation.** This Settlement Agreement embodies the entire agreement and understanding between the Parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof. No course of prior dealing between the Parties, no usage of the trade, and no extrinsic evidence of any nature shall be used or be relevant to supplement, explain or modify any term used herein. This Settlement Agreement is a product of negotiation and preparation by and among each Party and their attorneys. Therefore, each party expressly waives the provisions of Civil Code 1654 and acknowledges and agrees that this Settlement Agreement should not be deemed prepared or drafted by one party or the other and shall be construed accordingly.

**8.04    Counterpart Originals.** This Agreement shall become effective upon its execution by all of the undersigned. The Parties may execute this Agreement in counterparts, and execution of counterparts shall have the same force and effect as if all Parties had signed the same instrument.

**8.05    Modification Only In Writing.** Neither this Agreement nor any provision hereof may be changed, waived, discharged, or terminated, save and except by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge, or termination is sought.

**8.06    Enforcement of Agreement.** The prevailing party in any action or proceeding to enforce the terms of this Agreement shall be entitled to his, her, or its reasonable attorneys' fees and costs; provided, however, that as a prerequisite for any such action or proceeding, the party claiming breach shall first meet and confer with the other party in an effort to resolve the controversy. The meet and confer process shall, at a minimum, include an exchange of letters between the Parties. No action or proceeding shall be initiated with the Court until fifteen (15) days after the initial letter is sent from one party to the other.

**8.07    Headings.** Captions, section headings and numbers have been set forth in this Agreement for convenience only and are not to be used in construing this Agreement.

**8.08    Court Retains Jurisdiction After Entry of Final Judgment.** Without affecting the finality of the Final Judgment in any way, the Court shall retain jurisdiction over the construction, implementation, and enforcement of the Final Judgment until each and every act agreed to be performed by the Parties thereunder has in fact been fully performed.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**APPROVED AS TO FORM:**

DATED: _12-3_, 2015

KEMNITZER, BARRON & KRIEG, LLP

By: _____
    William Krieg

Attorneys for Plaintiff
MARK JONES

DATED: _11/2_, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

By: _____
    Anna S. McLean

Attorneys for Defendant
CENTERONE FINANCIAL SERVICES, LLC

**AGREED TO AND ACCEPTED:**

DATED: _____, 2015

_____
Mark Jones
Individually and as a
Representative of the Settlement Class

DATED: _11/17_, 2015

_____
Daniel Chait, President
For CENTERONE FINANCIAL SERVICES, LLC

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

**APPROVED AS TO FORM:**

KEMNITZER, BARRON & KRIEG, LLP

DATED: _____, 2015        By: _____
                                       William Krieg

                                Attorneys for Plaintiff
                                MARK JONES


SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP

DATED: _____, 2015        By: _____
                                       Anna S. McLean

                                Attorneys for Defendant
                                CENTERONE FINANCIAL SERVICES, LLC

**AGREED TO AND ACCEPTED:**

DATED: *11-24-15*, 2015         _____
                                Mark Jones
                                Individually and as a
                                Representative of the Settlement Class


DATED: _____, 2015        _____
                                Daniel Chait, President
                                For CENTERONE FINANCIAL SERVICES, LLC

1

2

3                          UNITED STATES DISTRICT COURT

4          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

5

6  MARK R. JONES                       Case No. 3:14-CV-01673 SI

7              Plaintiff,              CLASS ACTION

8     vs.                             [PROPOSED] ORDER CERTIFYING
                                      CLASS SETTLEMENT, GRANTING
9  CENTERONE FINANCIAL SERVICES,      PRELIMINARY APPROVAL OF
                                      SETTLEMENT
10 LLC,  a corporation; and DOES 1-50,
   Inclusive,
11                                     Date: December 18, 2015
              Defendants.             Time: 9:00 a.m.
12  _____   Dept.: 10
                                      Hon. Susan Illston
13                                    Reservation No.

14

15       **THIS MATTER HAVING** come before this Court for an Order preliminarily certifying

16  a Settlement Class and preliminarily approving a settlement between Plaintiff MARK R. JONES,

17  individually and on behalf of the proposed Settlement Class and Defendant CENTERONE

18  FINANCIAL SERVICES, LLC ("CenterOne"), and this Court having reviewed the Settlement

19  Agreement and Release executed by the Parties and the exhibits thereto, that were submitted to

20  the Court with the Motion for Preliminary Approval of Class Action Settlement, and the Parties

21  having consented to the entry of this Order:

22       **IT IS HEREBY ORDERED** this ____ day of _____, 2015 as follows:

23  1.    This Order of Preliminary Approval incorporates the Agreement, and the defined terms

24  used in this Order shall have the meanings and/or definitions given to them in the Agreement, as

25  submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement.

26       For purposes of the settlement, and conditioned upon the settlement receiving final

27  approval at or following the Final Approval hearing, this Court hereby conditionally certifies a

28  Settlement Class, defined as follows and subject to the stated exclusions below:

SMRH:473678319.2                         -1-
                                                                         Exhibit A

1    "Settlement Class" means all persons:

2        (a)    who purchased a motor vehicle and, as part of that transaction, entered

3        into an agreement subject to California's Rees-Levering Automobile Sales

4        Finance Act, Civil Code §2981, *et seq.*;

5        (b)    whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA")

6        or Graypoint Auto Finance Corporation and was serviced by CENTERONE;

7        (c)    whose motor vehicle was repossessed or voluntarily surrendered;

8        (d)    who were issued an NOI by CENTERONE between March 3, 2010 and

9        the date of Preliminary Approval; and

10        (e)    against whose account a deficiency balance was assessed.

11    "Settlement Class" excludes persons: (1) whose accounts were discharged in

12    bankruptcy, and (2) against whom CenterOne obtained a judgment.

13    2.    The settlement is preliminarily approved by this Court as being fair, reasonable and

14    adequate, free of collusion or indicia of unfairness, and within the range of possible final judicial

15    approval. This Court specifically finds that the settlement resulted from extensive arms-length

16    negotiation, the settlement is sufficient to warrant dissemination of notice of the settlement and

17    of the Final Approval Hearing on said settlement, to the Settlement Class. This Court further

18    finds that Settlement Class Representatives and Settlement Class Counsel provisionally are

19    found to fairly and adequately represent the interests of the Settlement Class and to satisfy the

20    requirements to be representatives of and counsel to the Settlement Class, respectively.

21    3.    A Final Approval Hearing shall be held on _____, 2016 at _____ a.m./p.m. before the

22    Honorable Susan Illston in Courtroom 10 of the United States District Court for the Northern

23    District of California, San Francisco Division, located at 450 Golden Gate Avenue, San

24    Francisco, California 94102, to consider: (a) the fairness, reasonableness and adequacy of the

25    proposed settlement; (b) whether the settlement should be finally approved by this Court; (c) the

26    application of Settlement Class Counsel for an award of attorneys' fees and expenses; (d) the

27    application for a service award to the Settlement Class Representative; (e) designation of one or

28    more *cy pres* recipients, conditioned upon the existence of a residue after distribution; (f) and

1  such other matters as this Court may deem proper and necessary.

2  4.      The Court approves Kurtzman Carson Consultants as the Settlement Class Administrator,

3  to perform the duties set forth in the Agreement. Individual notice shall be sent, at CenterOne's

4  expense, subject to a cap of $40,000, to each member of the Settlement Class via first class U.S.

5  Mail within thirty (30) days from the issuance of this Order.

6  5.      The Settlement Class Administrator shall provide notice to the Settlement Class

7  substantially in the form as the Settlement Class Notice attached as Exhibit B to the Agreement.

8  The Court finds that it is the best notice practicable, and is reasonably calculated, under the

9  circumstances, to apprise the Settlement Class of the pendency of the Action and their right to

10 participate in, object to, or exclude themselves from the settlement. This Court further finds that

11 the Settlement Class Notice is sufficient notice of the Final Approval hearing, the settlement, the

12 application for attorneys' fees and expenses, service award, and other matters set forth therein,

13 and that the Settlement Class Notice fully satisfies the California Rules of Court and due process

14 of law, to all persons entitled thereto. As set forth in the Settlement Agreement, CenterOne shall

15 be responsible for all costs and expenses incurred in connection with disseminating the

16 Settlement Class Notice to the Settlement Class, provided such costs do not exceed $40,000.00.

17 6.      Prior to the Final Approval hearing, the Settlement Class Administrator shall provide a

18 declaration to the Parties, to be filed with the Court, summarizing the number of requests for

19 exclusion and objections from the Settlement Class.

20 7.      Any Settlement Class Member who intends to object to the fairness, reasonableness and

21 adequacy of the settlement must send a written Objection to the Settlement Class Administrator

22 postmarked no later than sixty (60) days after the date the Settlement Class Notice is mailed to

23 the Settlement Class. Any Objector must set forth his/her full name, current address, dated

24 signature, and telephone number; a clear statement of each objection; a clear statement of all

25 supporting evidence; and a copy of any briefing to be considered in support of the objection.

26 Objections must be served upon the Settlement Administrator at:

27 KURTZMAN CARSON CONSULTANTS
   75 Rowland Way
28 Novato, CA 94945

1   (415) 798-5900

2   8.      Objectors must state in writing all objections and the reasons therefor, all supporting

3   evidence, and a copy of any briefing to be considered in support of the objection.  No Objector

4   shall be entitled to be heard at the Final Approval hearing, and no written objections or briefs

5   submitted by an Objector shall be received or considered by this Court at the Final Approval

6   hearing, unless the Objector has fully complied with all terms and conditions set forth in the

7   Settlement Class Notice as approved herein, subject to the Court's exercise of its discretion in

8   this regard. If an Objection is overruled, the Objector will be bound by the terms of the

9   Settlement Agreement and may not exclude himself or herself later. Members of the Settlement

10  Class who fail to file and serve timely written objections in the manner specified above shall be

11  deemed to have waived any objections and shall be foreclosed from making any objection

12  (whether by appeal or otherwise) to the settlement.

13  9.      Members of the Settlement Class may elect to exclude themselves from the settlement,

14  relinquishing their rights to any and all benefits under the Agreement. Members of the

15  Settlement Class who exclude themselves from the settlement will not have any rights under this

16  settlement, will not be entitled to receive a settlement payment, and will not be bound by the

17  Settlement Agreement or the Final Approval Order and Judgment.  A Settlement Class member

18  wishing to exclude himself or herself from the settlement must fully comply with all terms and

19  conditions set forth in the Settlement Class Notice approved herein. Any request for exclusion

20  must be postmarked no later than sixty (60) days after the date the Settlement Class Notice is

21  mailed to the Settlement Class.  A member of the Settlement Class who fails to submit a valid

22  and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the

23  Final Order and Judgment.

24  10.     In the event that more than ten percent (10%) of the Settlement Class exclude themselves

25  from the settlement, either Party shall have the right to declare the Settlement Agreement null

26  and void by written notice filed with the Court within ten (10) days before the date set for the

27  hearing on Final Approval of the Settlement.  If such an event occurs, the Parties will be restored

28

1 to their respective positions in the litigation as of the date the Settlement Agreement was

2 reached, and any orders entered by this Court in accordance with the Settlement Agreement shall

3 be vacated.

4 11. Any member of the Settlement Class who submits a timely request for exclusion may not

5 file an Objection to the settlement and shall be deemed to have waived any rights or benefits

6 under the Agreement.

7 12. The Court shall hold a Final Approval hearing in this matter on _____, 2016.

8 Settlement Class Counsel shall file their Motion for Final Approval, for an award of attorneys'

9 fees and costs, for a service award to the Settlement Class Representative, and all supporting

10 papers not later than thirty five (35) days before the Final Approval hearing.

11 13. In the event that (a) this Court does not finally approve the settlement substantially as

12 provided in the Agreement; (b) this Court does not enter the Final Order and Judgment as

13 provided in all material respects and substantially in the form set forth in the Agreement and

14 Exhibit C thereto; or (c) the settlement does not become final for any other reason, the

15 Agreement shall be null and void and any order entered by this Court in furtherance of this

16 settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects

17 as if the Agreement had not been executed and this Action shall revert to its status with respect to

18 class certification (and otherwise) as existed prior to the execution of this Agreement.

19 14. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court

20 retains continuing jurisdiction over the settlement proceedings to ensure the effectuation thereof

21 in accordance with the settlement preliminarily approved herein and the related orders of this

22 Court.

23 15. The parties are directed to carry out their obligations under the Agreement.

24 ///

25

26

27

28

///

### Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Order approved by court | _____, 2015 |
| 2. | Settlement Class Notice to be sent by Settlement Administrator (Settlement Agreement and Release ¶ 3.09) | _____, 2016 (30 days after Preliminary Approval) |
| 3. | Exclusion from the Settlement Class postmarked by (Settlement Agreement and Release ¶ 3.10) | _____, 2016 (60 days after mailing of Settlement Class Notice) |
| 4. | Objection to the Settlement postmarked by (Settlement Agreement and Release ¶ 3.11) | _____, 2016 (60 days after mailing of Settlement Class Notice) |
| 5. | Motion for Final Approval filed by (Settlement Agreement and Release ¶ 4.01) and responses to objections, if any. | _____, 2016 (35 days before Final Approval hearing) |
| 6. | Final Approval hearing | _____, 2016 |

**SO ORDERED**

Dated: _____, 2015

_____
The Honorable Susan Illston

## United States District Court for the Northern District of California

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

IF YOUR VEHICLE WAS REPOSSESSED IN CALIFORNIA AND YOU RECEIVED A "NOTICE OF OUR PLAN TO SELL VEHICLE" ("NOI") FROM CENTERONE FINANCIAL SERVICES, LLC ("CENTERONE") THIS NOTICE CONTAINS IMPORTANT INFORMATION THAT MAY AFFECT YOU
-PLEASE READ IT CAREFULLY-

*The Court Ordered This Notice – It Is Not From A Lawyer, And You Are Not Being Sued*

This notice summarizes the terms of a proposed class action settlement. This notice also describes what you can do to object to the proposed settlement or to request exclusion from the Settlement Class. If you wish to remain in the Settlement Class, be bound by the settlement and receive the benefits of the settlement, you need not contact the Court or the attorneys.

| Basic Information – This Action |
|---|

A lawsuit entitled *Mark R. Jones v. CenterOne Financial Services LLC* is pending in the United States District Court for the Northern District of California, Case No.3:14-cv-01673 SI. Plaintiff alleges that the NOIs sent by CenterOne between March 3, 2010 and _____ regarding repossessed vehicles did not comply with California law, and that CenterOne is not entitled to collect the deficiency if a deficiency balance remained after a subsequent sale of the vehicle. CenterOne denies the claims.

The United States District Court for the Northern District of California is in charge of the lawsuit. The Court has not decided who is right or wrong in this lawsuit. CenterOne is willing to enter into this settlement to end further litigation. The settlement is a compromise. This proposed settlement is not, and should not be construed as evidence or admission of and any fault, wrongdoing or liability whatsoever on the part of any party to the lawsuit.

The Action is called a "Class Action," because Plaintiff Mark R. Jones is the Settlement Class Representative suing on behalf of other people with similar claims, called "Settlement Class Members." The parties have agreed to treat the Action as a Class Action for settlement purposes only.

| Who Is A Settlement Class Member? |
|---|

Under the terms of the proposed settlement, you are a Settlement Class Member if all of the following apply to you, and the Court grants final approval of this Settlement.

The term "Settlement Class" is defined as all persons:

(a) who purchased a motor vehicle and, as part of that transaction, entered into an

agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil

Exhibit B

Code §2981, *et seq.*;

(b) whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or
Graypoint Auto Finance Corporation and was serviced by CenterOne;

(c) whose motor vehicle was repossessed or voluntarily surrendered;

(d) who were issued an NOI by CenterOne between March 3, 2010 and _____;

and

(e) against whose account a deficiency balance was assessed after sale of the vehicle.

"Settlement Class" excludes persons:

(1) whose accounts were discharged in bankruptcy, and

(2) against whom CenterOne obtained a judgment.

---

## The Settlement Benefits -- What You Will Get

If the Settlement is approved by the Court, all Settlement Class Members will receive debt relief and other non-cash monetary benefits. In addition, some Settlement Class Members will be eligible to receive monetary benefits, as described below. If the Settlement is not approved by the Court, Settlement Class Members will not get any benefits and the parties will go back to Court for a trial on the merits of the Action. The parties have made their best efforts to negotiate a settlement that is fair and reasonable under the circumstances.

After diligent investigation of its records, CenterOne affirms that there are approximately 528 members of the Settlement Class, whose deficiency balances total approximately $3,568,957.00.  CenterOne has collected approximately $84,552.37 on those deficiency accounts.

Settlement Class Benefits:

(1) For all Settlement Class Members, CenterOne agrees not to attempt to collect any remaining deficiency balance and will instruct the three credit reporting bureaus, TransUnion, Equifax, and Experian, to delete the trade line referencing Settlement Class members' accounts. **You do NOT need to do anything to receive these benefits.**

(2) If you are a Settlement Class Member who paid any amount toward a deficiency balance after repossession, you will receive the non-monetary benefits described above, **and in addition,** you will receive a check for 70% of the amount you actually paid CenterOne toward your deficiency balance. The check will be made out to the first-named borrower on the account.  Any check not cashed within ninety (90) days after issuance will no longer be eligible for monetary relief.

<u>Attorneys' Fees and Award to Settlement Class Representatives.</u> Settlement Class Counsel may apply to the Court for an award of attorneys' fees and costs in an amount of $300,000.00. Settlement Class Counsels' fee application will be filed with the Court no later than 35 days prior to the Final Approval

Hearing. In addition, the Settlement Class Representative Mark R. Jones will request a total service award of $2,000.00. Any award of attorneys' fees and costs, and any service award, must be approved by the Court at the Final Approval hearing referenced below, and will be paid by CenterOne separate and apart from any benefits you may receive under the settlement.

## Tax Consequences of Settlement

Unless previously issued, CenterOne will not issue IRS Forms 1099 to any Settlement Class member in connection with this Agreement. However, CenterOne may issue IRS Forms 1099 to Settlement Class members in the future if ordered to do so by the IRS. Thus, any benefits you receive may or may not be the subject of state or federal taxation, depending on your circumstances. Counsel for the parties in this lawsuit are not tax attorneys and you are advised to seek separate legal advice on matters of taxation. If you have concerns about taxation of benefits of the case you may want to exclude yourself and receive no benefits (see your rights on how to exclude yourself from the class).

## The Settlement Release – What You Will Give Up

If the settlement is approved by the Court, in exchange for the benefits described herein, every Settlement Class Member gives CenterOne a release and agrees to be bound by all court orders in the Action. You will be bound by the terms of the settlement once it is final. A release means you can't sue or be part of any other lawsuit against CenterOne about claims that were or could have been asserted in the Action based on the facts alleged in this lawsuit ever again.

If you wish to keep the right to sue CenterOne about the legal issues in this case, you must exclude yourself from the Class.

## Your Rights – Exclusion

As a Settlement Class Member, you are included in the settlement unless you request to be excluded. If you remain in the Settlement Class and this settlement is approved by the Court, you will receive the non-monetary benefits described above, and if you paid all or part of a deficiency balance, you will be entitled to receive monetary benefits. Alternatively, you can exclude yourself or "opt out." If you exclude yourself, you will not receive any benefits of the settlement, but you will not be bound by any judgment or release in this Action and will keep your right to sue CenterOne on your own if you want. If you seek to be excluded, you may not also object to the settlement.

To exclude yourself from the settlement, you must send a request for exclusion to the Settlement Class Administrator, Kurtzman Carson Consultants, at the address provided below, by First Class Mail postmarked no later than _____ [60 days after the date this Notice was mailed to the Settlement Class], and containing all of the following: (1) The name of the Action "*Mark R. Jones v. CenterOne Financial Services, LLC,* Case No. 3:14-cv-01673 SI," (2) Your full name and current address, (3) A statement of your intent to exclude yourself, and (4) Your signature and the date you signed it. If you do not follow these procedures to exclude yourself, your rights will be determined in this Action if the settlement receives final judicial approval. In the event that more than ten (10%) of the Settlement Class

opts out of the Settlement, either Party shall have the right to declare the Settlement Agreement null and void by written notice filed with the Court within ten (10) days before the date set for the hearing on Final Approval of the Settlement.

## Your Rights – Objection to the Settlement

If you do not request to be excluded, you may object to the settlement. You may not do both. To object to the settlement, you must send your objection to the Settlement Class Administrator, Kurtzman Carson Consultants, at the address provided below, by First Class Mail postmarked no later than _____ [60 days after this Notice was mailed to the Settlement Class], and provide all of the following: (1) The name of the Action "*Mark R. Jones v. CenterOne Financial Services, LLC* , Case No. 3:14-cv-01673 SI," (2) Your full name, current address, and telephone number, (3) A clear statement of each objection, (4) All supporting evidence and briefing you wish to have considered in support of the objection, and (5) Your signature and the date of your signature. Objectors are not required to attend the Final Approval Hearing, but may do so.

## The Final Approval Hearing

The proposed settlement must be finally approved by the Court. The Court has set the Final Approval hearing for_____, 2016 at _____ (subject to change by the Court without further notice), in the United States District Court for the Northern District of California, 450 Golden Gate Avenue,  San Francisco, California 94102, Courtroom 10, to determine whether the proposed settlement should be approved as fair, reasonable and adequate, whether certification of the Settlement Class is proper, the amount of reasonable attorneys' fees, costs and expenses, the amount of the Settlement Class Representatives' service award , and whether the settlement should be finally approved.

You do not need to hire a lawyer, but may do so if you want to. You and the Settlement Class are already represented by Settlement Class Counsel listed below, at no out-of-pocket cost to you.

The settlement will not take effect unless and until: (1) the Court approves the settlement at the Final Approval hearing, and (2) a Final Order and Judgment is entered by the Court and no longer subject to appeal. After the Court rules on Final Approval and the time to appeal has expired or appeals are exhausted, the settlement will become final, and you will receive the class benefits set forth above. If the Court does not approve the settlement, Settlement Class members will not receive any benefits described in this notice. It will be as if no settlement had been reached.

## More Information

This Notice, which has been approved by the Court, is only a summary. You may call the Settlement Class Administrator (Kurtzman Carson Consultants) directly for updates regarding the Court hearing date, at 1-800-___-_____.  A copy of the Motion for  Attorney's Fees and Costs to Class Counsel, and the complete Settlement Agreement will be available for review at www._____.com within 30 days after this Notice is sent. If you have additional questions concerning this Action, Notice, or Settlement, you may contact Settlement Class Counsel.  The pleadings and other records in this litigation, including the Settlement Agreement, may be examined online in person at the Clerk's Office

Exhibit B

in the Federal Building at: 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, between the hours of 9 a.m. and 1 p.m. Monday through Friday, excluding Court holidays. **Please do not contact the Judge, the Court, or CenterOne.**

| Settlement Class Administrator: KURTZMAN CARSON CONSULTANTS 75 Rowland Way Novato, CA 94945 Phone: (800) [xxx-xxxx] | Settlement Class Counsel: KEMNITZER, BARRON & KRIEG LLP William M. Krieg 2014 Tulare Street, Suite 700 Fresno, CA 93721 Phone: (800) 501-0235 or (559) 441-7485 | Counsel for CenterOne: SHEPPARD MULLIN RICHTER & HAMPTON LLP Anna S. McLean Liên H. Payne Four Embarcadero Center Seventeenth Floor San Francisco, CA 94111 |
| --- | --- | --- |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK R. JONES, | Case No. 3:14-CV-01673 SI |
| Plaintiff, | |
| | CLASS ACTION |
| vs. | |
| | [PROPOSED] FINAL ORDER AND JUDGMENT |
| CENTERONE FINANCIAL SERVICES, LLC, a corporation; and DOES 1-50, Inclusive, | |
| Defendants. | Date: |
| | Time: |
| | Courtroom: 10 |
| | Hon. Susan Illston |
| | Reservation No. |

THIS MATTER HAVING come before the Court for a hearing on _____ pursuant to the Motion for Final Approval, filed to determine: (1) whether the settlement between Plaintiff MARK R. JONES, individually and on behalf of the proposed Settlement Class, on the one hand, and Defendant CENTERONE FINANCIAL SERVICES, LLC ("CENTERONE") on the other hand, is fair, reasonable and adequate, and should be approved as being in the best interests of the Settlement Class, and (2) if so, for the purpose of determining attorneys' fees and costs requested by Settlement Class Counsel, and (3) for approval of all other matters contained in the aforesaid motion. Notice of the hearing, the settlement and application for attorneys' fees and reimbursement of expenses having been given as set forth in this Court's Preliminary Approval Order of _____; all persons present or represented at the hearing who were entitled to be heard having been given an opportunity to be heard; counsel for the Parties having appeared in support of the settlement; and the Court having considered all documents filed in support of the settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at

1

1  the hearing, all other papers and documents comprising the record herein, and all oral arguments

2  presented to the Court,

3       **IT IS ORDERED, ADJUDGED AND DECREED** on this _____ day of _____,

4  2016, that:

5  1.     This Final Judgment incorporates the Settlement Agreement and Release ("Agreement"),

6  and the capitalized terms used in this Order shall have the meanings and/or definitions given to

7  them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval of

8  Class Action Settlement.

9  2.     This Court has jurisdiction over the subject matter of this action and over all Parties to this

10  action, including all members of the Settlement Class as that term is defined herein.

11  3.     This Court certifies this action, for settlement purposes only, as a class action.

12  4.     The following Settlement Class, provisionally certified by the Court in its Order dated

13  _____, is hereby certified under Federal Rule of Civil Procedure 23 for settlement

14  purposes only, and is hereinafter referred to as the "Settlement Class":

15  5.  "Settlement Class" means all persons:

16       (a)    who purchased a motor vehicle and, as part of that transaction, entered into

17                 an agreement subject to California's Rees-Levering Automobile Sales

18                 Finance Act, Civil Code §2981, *et seq.*;

19       (b)    whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or

20                 Graypoint Auto Finance Corporation and was serviced by CENTERONE;

21       (c)    whose motor vehicle was repossessed or voluntarily surrendered;

22       (d)    who were issued an NOI by CENTERONE between March 3, 2010 through

23                 _____; and

24       (e)    against whose account a deficiency balance was assessed. "Settlement

25                 Class" excludes persons: (1) whose accounts were discharged in

26                 bankruptcy, and (2) against whom CENTERONE obtained a judgment.

27

28

6.    This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes as it is so numerous that joinder of all members is impracticable.

7.    This Court finds on the record before it that the Settlement Class meets the requirement for class certification for settlement purposes as questions of law or fact common to the issues to be reviewed in connection with the settlement predominate over the questions affecting only individual members for the purpose of implementing the settlement in accordance with the Agreement.

8.    This Court finds on the record before it that the Settlement Class meets the requirement for class certification for settlement purposes as Plaintiff's claims are typical of the claims of the Settlement Class as a whole.

9.    This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes as Plaintiff and Settlement Class Counsel adequately represent and protect the interests of the Settlement Class.

10.    This Court finds on the record before it that the Settlement Class is appropriate for certification for settlement purposes only, as such certification is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time. Manageability issues do not prevent certification here because there will be no trial.

11.    The Settlement Class Notice, given to each member of the Settlement Class by mail at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of the California Rules of Court and due process of law.

12.    This Court finds that the terms of the settlement and the Agreement are the product of arm's length negotiations between the Parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Settlement Class and are therefore approved and incorporated herein by the Court.

13.    The Agreement should be implemented and consummated in accordance with its terms. To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

3

14.     CENTERONE, by operation of state law, is and shall be enjoined and restrained from taking any further steps to collect any amounts purportedly owed by any person:  (1) who purchased a Motor Vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq.*; (2) whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or Graypoint Auto Finance Corporation and was serviced by CENTERONE; (3) whose motor vehicle was repossessed or voluntarily surrendered; (4) who were issued an NOI by CENTERONE between March 3, 2010 and _____; (5) against whose account a deficiency balance was assessed.  Persons excluded from this order are those persons (1) whose accounts were discharged in bankruptcy; and/or (2) against whom CENTERONE obtained a judgment.  CENTERONE shall immediately cease and shall not resume any such collection efforts.

15.     Upon Final Judgment, the Settlement Class Representatives and all Settlement Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged CENTERONE and Related Parties, as defined in the Agreement, from any and all claims that were or could have been asserted in the Action based on the facts alleged in the Action, as provided in the Agreement.

16.     The terms of the Agreement and this Final Order and Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Settlement Class Members. This Court hereby bars and enjoins: (i) all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Settlement Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Settlement Class Member, based upon or asserting any of the claims released in the Agreement; and (ii) all Settlement Class Members, and all persons acting on behalf of or in concert or participation with such Settlement Class Members, from bringing a class action on behalf of Settlement Class Members or seeking to certify a class which includes such Settlement Class Members, in any lawsuit based upon or asserting any of the claims released in the Agreement.

17.    Attached to this Final Order and Judgment as **Exhibit 1** is a true and correct list of all Settlement Class Members who timely submitted Requests for Exclusion. No Settlement Class Members, other than those listed in **Exhibit 1**, are excluded from the Settlement Class, or from the effect of this Final Order and Judgment.

18.    It is expressly determined that there is no just reason for delay and the entry of this Final Order and Judgment is hereby directed. In the event that this Final Order and Judgment is appealed, its mandate will automatically be stayed until and unless the Final Order and Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

19.    This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter judgment thereon.

20.    A total service award of $2,000.00 to Settlement Class Representative MARK R. JONES is hereby approved as fair and reasonable. CENTERONE shall make such payment in accordance with the terms of the Agreement.

21.    The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Settlement Class Counsel's request for an award of attorneys' fees and costs, finds that an award of $300,000.00 is reasonable and appropriate under all of the circumstances presented.  CENTERONE shall pay this amount to Kemnitzer, Barron & Krieg, LLP by on or about the Distribution Date. Such payment of attorneys' fees and costs shall be separate from and in addition to the monetary relief to the Settlement Class and shall not reduce such relief.

22.    CENTERONE will pay as *cy pres* any remaining residue of un-cashed checks to California Rural Legal Assistance, a non-profit organization.

23.    Any and all objections to the settlement and the Agreement are overruled as being without merit.

24.    In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void.

25.    The Parties are directed to carry out their obligations under the Agreement.

SMRH:473678392.2

26.     Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this settlement, in accordance with the Agreement and this Final Order and Judgment. After distribution is complete, CENTERONE shall file a declaration stating compliance with the terms of the settlement and the Settlement Class Administrator shall file a declaration stating it has complied with the terms of the settlement.

27.     Settlement Class Counsel shall serve a copy of this Order on all named parties or their counsel within five (5) days of receipt.

**SO ORDERED**

Dated: _____, 2016                    _____
                                                The Honorable Susan Illston

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

LIST OF SETTLEMENT CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

SMRH:473678392.2

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA )

3
                        )        ss
   COUNTY OF FRESNO    )

4

5   I am a citizen of the United States and a resident of the County aforesaid; I am over the
   age of eighteen years and not a party to the within entitled action; my business address is 2014

6   Tulare Street, Suite 700, Fresno, CA 93721. On the date below, I served the within
   **DECLARATION OF WILLIAM M. KRIEG IN SUPPORT OF MOTION FOR FINAL**

7   **APPROVAL OF CLASS ACTION SETTLEMENT** on the interested party(ies) in said action,
   addressed as follows:

8

9   Anna S. McLean, Esq.
   Liên H. Payne, Esq.

10  Sheppard, Mullin, Richter & Hampton, LLP
   Four Embarcadero Center, 17th Floor

11  San Francisco, CA 94111-4109

12  Tel: (415) 434-9100
   Fax: (415) 434-3947

13  E-Mail: amclean@sheppardmullin.com

14      lpayne@sheppardmullin.com

15  X      (by E-MAIL, ELECTRONIC TRANSMISSION, COURT'S CM/ECF ELECTRONIC
         FILING SERVER) Based on a court order or an agreement of the parties to accept

16       service by e-mail or electronic transmission, I caused the above named document to be

17       electronically delivered to the parties in this case through their electronic mail addresses
         shown above.

18

19      I, Vickie Mora, declare under penalty of perjury and the law of the State of California
   that the foregoing is true and correct.

20

21      Executed this 8th day of April 2016 at Fresno, California

22                                          /s/ Vickie Mora

23                                  _____
                                          VICKIE MORA

24

25

26

27

28