1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARK R. JONES,

               Plaintiff,

    vs.

CENTERONE FINANCIAL SERVICES, LLC,
a corporation; and DOES 1-50, Inclusive,

               Defendants.

_____/

**Case No. 3:14-CV-01673 SI**

<u>CLASS ACTION</u>

**FINAL ORDER AND JUDGMENT**

      On May 13, 2016, the Court held a hearing on plaintiffs' motion for final approval of the class action settlement in this case, and on plaintiffs' motion for attorneys' fees and costs. Notice of the hearing, the settlement and application for attorneys' fees and reimbursement of expenses having been given as set forth in this Court's Preliminary Approval Order of December 28, 2015; all persons present or represented at the hearing who were entitled to be heard having been given an opportunity to be heard; counsel for the Parties having appeared in support of the settlement; and the Court having considered all documents filed in support of the settlement and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at the hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court,

      **IT IS ORDERED, ADJUDGED AND DECREED** on this 1st day of June, 2016, that:

1.     This Final Judgment incorporates the Settlement Agreement and Release ("Agreement"), and the capitalized terms used in this Order shall have the meanings and/or definitions given to

1

1   them in the Agreement, as submitted to the Court with the Motion for Preliminary Approval of

2   Class Action Settlement.

3   2.      This Court has jurisdiction over the subject matter of this action and over all Parties to this

4   action, including all members of the Settlement Class as that term is defined herein.

5   3.      This Court certifies this action, for settlement purposes only, as a class action.

6   4.      The following Settlement Class, provisionally certified by the Court in its Order dated

7   December 28, 2015, is hereby certified under Federal Rule of Civil Procedure 23 for settlement

8   purposes only, and is hereinafter referred to as the "Settlement Class":

9   5.   "Settlement Class" means all persons:

10                    (a)      who purchased a motor vehicle and, as part of that transaction, entered into

11                             an agreement subject to California's Rees-Levering Automobile Sales

12                             Finance Act, Civil Code §2981, *et seq.*;

13                    (b)      whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or

14                             Graypoint Auto Finance Corporation and was serviced by CENTERONE;

15                    (c)      whose motor vehicle was repossessed or voluntarily surrendered;

16                    (d)      who were issued an NOI by CENTERONE between March 3, 2010 through

17                             December 28, 2015; and

18                    (e)      against whose account a deficiency balance was assessed.   "Settlement

19                             Class" excludes persons:   (1) whose accounts were discharged in

20                             bankruptcy, and (2) against whom CENTERONE obtained a judgment.

21  6.      This Court finds on the record before it that the Settlement Class meets the requirements

22  for class certification for settlement purposes as it is so numerous that joinder of all members is

23  impracticable.

24  7.      This Court finds on the record before it that the Settlement Class meets the requirement for

25  class certification for settlement purposes as questions of law or fact common to the issues to be

26  reviewed in connection with the settlement predominate over the questions affecting only

27  individual members for the purpose of implementing the settlement in accordance with the

28  Agreement.

SMRH:473678392.2

8.     This Court finds on the record before it that the Settlement Class meets the requirement for class certification for settlement purposes as Plaintiff's claims are typical of the claims of the Settlement Class as a whole.

9.     This Court finds on the record before it that the Settlement Class meets the requirements for class certification for settlement purposes as Plaintiff and Settlement Class Counsel adequately represent and protect the interests of the Settlement Class.

10.    This Court finds on the record before it that the Settlement Class is appropriate for certification for settlement purposes only, as such certification is superior to other available methods for the fair and efficient adjudication of the issues before this Court at this time. Manageability issues do not prevent certification here because there will be no trial.

11.    The Settlement Class Notice, given to each member of the Settlement Class by mail at updated mailing addresses, constitutes the best notice practicable and is in full compliance with the requirements of the California Rules of Court and due process of law.

12.    This Court finds that the terms of the settlement and the Agreement are the product of arm's length negotiations between the Parties and that the terms thereof are fair, reasonable, adequate, and in the best interests of the Settlement Class and are therefore approved and incorporated herein by the Court.

13.    The Agreement should be implemented and consummated in accordance with its terms. To the extent already implemented by the parties, such implementation is hereby approved and ratified by the Court.

14.    CENTERONE, by operation of state law, is and shall be enjoined and restrained from taking any further steps to collect any amounts purportedly owed by any person:  (1) who purchased a Motor Vehicle and, as part of that transaction, entered into an agreement subject to California's Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et seq*.; (2) whose contract was assigned to Merrill Lynch Bank USA ("MLBUSA") or Graypoint Auto Finance Corporation and was serviced by CENTERONE; (3) whose motor vehicle was repossessed or voluntarily surrendered; (4) who were issued an NOI by CENTERONE between March 3, 2010 and December 28, 2015; (5) against whose account a deficiency balance was assessed.  Persons

excluded from this order are those persons (1) whose accounts were discharged in bankruptcy; and/or (2) against whom CENTERONE obtained a judgment. CENTERONE shall immediately cease and shall not resume any such collection efforts.

15.     Upon Final Judgment, the Settlement Class Representatives and all Settlement Class Members and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives shall be deemed to have jointly and severally released and forever discharged CENTERONE and Related Parties, as defined in the Agreement, from any and all claims that were or could have been asserted in the Action based on the facts alleged in the Action, as provided in the Agreement.

16.     The terms of the Agreement and this Final Order and Judgment shall be forever binding on, and shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be brought or maintained by or on behalf of any Settlement Class Members. This Court hereby bars and enjoins: (i) all Settlement Class Members, and all persons acting on behalf of, or in concert or participation with, such Settlement Class Members, from filing, commencing, prosecuting, intervening in, or participating in, any lawsuit in any jurisdiction on behalf of any Settlement Class Member, based upon or asserting any of the claims released in the Agreement; and (ii) all Settlement Class Members, and all persons acting on behalf of or in concert or participation with such Settlement Class Members, from bringing a class action on behalf of Settlement Class Members or seeking to certify a class which includes such Settlement Class Members, in any lawsuit based upon or asserting any of the claims released in the Agreement.

17.     It is expressly determined that there is no just reason for delay and the entry of this Final Order and Judgment is hereby directed. In the event that this Final Order and Judgment is appealed, its mandate will automatically be stayed until and unless the Final Order and Judgment is affirmed in its entirety by the court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer subject to further appeal or review.

18.     This Final Order and Judgment is final for purposes of appeal and may be appealed, and the Clerk is hereby directed to enter judgment thereon.

SMRH:473678392.2

19.     A total service award of $2,000.00 to Settlement Class Representative MARK R. JONES is hereby approved as fair and reasonable. CENTERONE shall make such payment in accordance with the terms of the Agreement.

20.     The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of Settlement Class Counsel's request for an award of attorneys' fees and costs, finds that an award of $300,000.00 is reasonable and appropriate under all of the circumstances presented.  CENTERONE shall pay this amount to Kemnitzer, Barron & Krieg, LLP by on or about the Distribution Date. Such payment of attorneys' fees and costs shall be separate from and in addition to the monetary relief to the Settlement Class and shall not reduce such relief.

21.     CENTERONE will pay as *cy pres* any remaining residue of un-cashed checks to California Rural Legal Assistance, a non-profit organization.

22.     No objections were filed, and no class member has opted out of the settlement.

23.     In the event that the settlement does not become effective in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void.

24.     The Parties are directed to carry out their obligations under the Agreement.

25.     Jurisdiction is hereby reserved by this Court to assure compliance with all terms of this settlement, in accordance with the Agreement and this Final Order and Judgment. After distribution is complete, CENTERONE shall file a declaration stating compliance with the terms of the settlement and the Settlement Class Administrator shall file a declaration stating it has complied with the terms of the settlement.

26.     Settlement Class Counsel shall serve a copy of this Order on all named parties or their counsel within five (5) days of receipt.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: June 1, 2016

_____
SUSAN ILLSTON
United States District Judge

SMRH:473678392.2